# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| MARY D. NEIGHBORS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | Case No. 05-472-CV-W-GAF |
| | ) | |
| | ) | |
| LAIRD MUHA and ROSE LYNN | ) | |
| MUHA, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| SUSAN KENNETT | ) | |
| | ) | |
| and | ) | |
| | ) | |
| HELP-U-SELL OF JOHNSON | ) | |
| COUNTY | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Presently before the Court is a Motion to Remand filed by Plaintiff Mary D. Neighbors ("Plaintiff").

(Doc. #5).  Plaintiff claims this case should be remanded because she is seeking less than $75,000 in

damages.  Defendants Susan Kennett and Help-U-Sell of Johnson County[1] (collectively "Defendants")

oppose this Motion, arguing that the amount-in-controversy requirement of 28 U.S.C. § 1332 is satisfied.

---

[1]Defendants Laird Muha and Rose Lynn Muha have not responded to Plaintiff's Motion to
Remand.

Case 4:05-cv-00472-GAF   Document 23   Filed 09/26/05   Page 1 of 7

After considering the facts and arguments presented by the parties, this Court concludes that the amount-in-controversy does not exceed $75,000. Accordingly, Plaintiff's Motion to Remand is GRANTED.

## DISCUSSION

I.      **Facts**

This is an action for injuries which occurred as a result of Plaintiff's fall down a stairwell on or about May 10, 2000.[2] The property was owned by Defendants Laird and Rose Lynn Muha and, at the time of the fall, was listed for sale through Help-U-Sell of Johnson County by Real Estate Agent Susan Kennett. At the time of the fall, Plaintiff, a Real Estate Agent, was showing the property to a potential buyer.

As a result of the fall, Plaintiff claims to have suffered injuries to her whole body, including her feet, ankles, legs, back, shoulders, neck, muscles, joints, and ligaments. Plaintiff also alleges that she suffered a substantial loss of income, as well as significant pain and suffering. Plaintiff filed suit in the Circuit Court of Jackson County, Missouri on May 3, 2005. However, Missouri law restricts a tort plaintiff's prayer for relief to damages that are "fair and reasonable" and prohibits the Plaintiff from demanding a specific dollar amount in her complaint.[3] The Plaintiff therefore did not demand a specific dollar amount in her complaint, and instead requests, "damages in a sum fair and reasonable to wit for her medical costs incurred herein, her loss of income, her pain and suffering and other such relief as the Court deems just and proper."

Defendants filed their notice of removal on May 19, 2005, alleging that this Court has original

_____

[2]Except where otherwise noted, the facts are taken from Plaintiff's Petition for Damages, which was originally filed in the Circuit Court of Jackson County, Missouri. (Doc. #1, Ex. B).

[3]Mo. R. Civ. P. 55.05 provides, "If a recovery of money be demanded, the dollar amount shall be stated, except that in actions for damages based upon an alleged tort, no dollar amount shall be included in the demand except to determine the proper jurisdictional authority, but the prayer shall be for such damages as are fair and reasonable."

Case 4:05-cv-00472-GAF   Document 23   Filed 09/26/05   Page 2 of 7

jurisdiction pursuant to 28 U.S.C. § 1332 (a)(1) and (c)(1). (Doc. #1). The parties agree that complete diversity of citizenship exists. However, Plaintiff challenges Defendants' assertion that the amount-in-controversy requirement of 28 U.S.C. § 1332 is satisfied. Plaintiff argues that this case should be remanded because she has signed an affidavit in which she states that, although the amount of her damages are not ascertained, she is requesting less than $75,000 in damages. (Doc. #6). Defendants oppose Plaintiff's Motion, arguing that because Plaintiff alleges in her Petition that she suffered injury to her whole body as well as a substantial loss of income and significant pain, the amount-in-controversy requirement is satisfied despite Plaintiff's affidavit to the contrary.

## II.    Legal Standard and Analysis

An action may be removed by a defendant where the case falls within the original jurisdiction of the district courts. 28 U.S.C. § 1441(a). If it appears that the case was not properly removed because it was not within the original subject matter jurisdiction of the United States district courts, the district court must remand the case to the state court from which it was removed. 28 U.S.C. § 1447(c). District courts have original jurisdiction over all civil actions where the adverse parties are citizens of different states and the amount-in-controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. Here, complete diversity of citizenship is uncontroverted. The appropriateness of removal in this case turns on whether the amount-in-controversy requirement is satisfied.

Where state law prohibits a plaintiff from specifying in the complaint the amount of damages sought, the removing party must prove by a preponderance of the evidence that the amount-in-controversy exceeds $75,000. In re Minnesota Mut. Life Ins. Co. Sales Practices Litig., 346 F.3d 830, 834 (8th Cir. 2003). If the Defendants satisfy their burden of proving by a preponderance of the evidence that the amount-in-

3

controversy is greater than the jurisdictional amount, the Plaintiff can defeat removal by showing to a legal certainty that recovery cannot exceed the jurisdictional amount. *See* 14C Wright & A. Miller, <u>Federal Practice and Procedure: Jurisdiction</u> § 3725 at 94-95 (3d 1998). A plaintiff might meet that burden by citing a state law or a binding stipulation that limits the plaintiff's recovery of damages. <u>Id</u>.

To meet its burden of demonstrating that the amount-in-controversy requirement has been satisfied, the removing party must present specific facts or evidence. <u>Hill v. Ford Motor Co.</u>, 324 F.Supp.2d 1028, 1036 (E.D. Mo. 2004). This evidence may include a plaintiff's conduct and representations, including settlement offers by the plaintiff exceeding the jurisdictional amount, the plaintiff's refusal to stipulate that she would not demand more than the jurisdictional amount, or an extensive list of serious and disabling injuries suffered by the plaintiff. *See* <u>Halsne v. Liberty Mutual Group</u>, 40 F.Supp.2d 1087, 1091 (N.D. Iowa 1999), *citing* <u>Chase v. Shop 'N Save Warehouse Foods</u>, <u>Inc.</u>, 110 F.3d 424 (7th Cir. 1997).

Defendants have not presented evidence that the Plaintiff has offered to settle the case for more than the jurisdictional amount. Furthermore, the Defendants have not offered evidence that the Plaintiff has refused to stipulate that she would not demand more than the jurisdictional amount. To the contrary, the Plaintiff has submitted an affidavit stating that she is not seeking damages in excess of $75,000.

Plaintiff's Petition lists the location of her injuries, refers to her loss of income as "substantial," and refers to her pain and suffering as "significant." Defendants argue that those allegations, in and of themselves, provide sufficient evidence to satisfy the Defendants' burden of proving by a preponderance of the evidence that the amount-in-controversy requirement is satisfied. However, the Petition provides no description of or insight into the nature or extent of the Plaintiff's injuries, and the Defendant has submitted no support for the contention that more than $75,000 is in controversy. Further, the words

4

"substantial" and "significant" are subjective terms which lend themselves to varying definitions and interpretations. It is not enough to submit that, because the Plaintiff sustained injuries of unknown severity to various parts of her body, and she labeled her loss of income "substantial" and her pain and suffering "significant," the amount-in-controversy requirement is therefore met. Defendants' assertion that Plaintiff's claim exceeds $75,000 is purely conjectural; the record is devoid of any evidence revealing the extent of Plaintiff's medical expenses, pain and suffering, or lost wages. This Court cannot assume that Plaintiff's list of nondescript injuries should be considered "an extensive list of serious and disabling injuries" sufficient to satisfy the amount-in-controversy requirement. Having been provided with no factual evidence with which to determine whether the amount-in-controversy requirement is satisfied, this Court cannot conclude that the Defendants have met their burden of proof.

Further, it is well settled that the Plaintiff may defeat removal by filing suit for less than the jurisdictional amount. *See* St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938). In this case, Missouri Rule of Civil Procedure 55.05 prevents the Plaintiff from specifically demanding damages in her Petition. The Eighth Circuit has not addressed whether post-removal stipulations may be considered in determining whether a case should be remanded, and other circuits are split on the issue.[4] However, in cases where state law prohibits the plaintiff from pleading a dollar amount of damages in the complaint and no other evidence is available revealing the plaintiff's perceived value of her claim, the

_____

[4] *Compare* Gebbia v. Walmart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000) (if basis for jurisdiction is ambiguous at time of removal, post-removal affidavits may be considered to determine the amount-in-controversy at the time of removal) *and* In re Shell Oil Co., 970 F.2d 355, 356 (7th Cir. 1992) (per curiam) (Litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints).

5

Northern District of Iowa has found that the court may consider post-removal amendments to the complaint, including affidavits, in determining whether the amount-in-controversy requirement has been satisfied. Halsne, 40 F.Supp. 2d at 1090-1091.

The basis for removal jurisdiction is determined at the time the complaint is filed rather than at the time when the notice of removal is filed; therefore, post-removal stipulations and amendments do not generally defeat federal jurisdiction if the amount-in-controversy was satisfied at the time the complaint was filed. *See* Id. at 1090, see also St. Paul Mercury, 303 U.S. 283 at 293. However, post-removal affidavits may be considered to the extent that they *clarify*, rather than amend, the original pleading. Halsne, 40 F.Supp.2d at 1091. (emphasis added.)

In this case, the Plaintiff has been forced by Missouri law not to demand a specific amount of damages. Consequently, Missouri pleading rules make the amount-in-controversy on the face of the complaint ambiguous at best. Accordingly, this Court may consider the Plaintiff's post-petition affidavit to resolve the ambiguity in the Plaintiff's request for "fair and reasonable damages." The Defendants have presented no facts to challenge Plaintiff's assertion that her damages do not exceed $75,000. Therefore, this Court does not have subject matter jurisdiction to adjudicate the Plaintiff's claims because the amount-in-controversy requirement of 28 U.S.C. 1332 is not satisfied.

## **CONCLUSION**

The Defendants have provided this Court with no factual basis for concluding that the amount-in-controversy requirement is satisfied. Rather, the only evidence on the record is the Plaintiff's affidavit, in which she pledges that she is seeking less than the jurisdictional amount. Accordingly, because the Defendants have failed to meet their burden of proving by a preponderance of the evidence that the

6

amount-in-controversy requirement is satisfied, the Plaintiff's Motion to Remand is HEREBY GRANTED.

**IT IS SO ORDERED**.


/s/ Gary A. Fenner
GARY A. FENNER, JUDGE
United States District Court

DATED:    September 26, 2005